LE BARRON *v.* STATE.

[65 South. 648.]

1. GRAND JURY. *County prosecuting attorney. Presence before grand jury. Indictment and information. Motion to quash. Grounds. Appeal. Evidence. Prejudice. Evidence. Photographs. Rulings on evidence.*

It is made the duty of the county prosecuting attorney under Laws 1912, chapter 253, section 5, to represent the state in all matters coming before the grand jury of his county, and it is proper for him to be before the grand jury in its investigations of offenses but he should take no part in the jury's deliberations.

2. INDICTMENT AND INFORMATION. *Motion to quash. Grounds.*

It is no ground to quash an indictment that the district attorney was before the grand jury during its deliberation and when the indictment was voted on, in the absence of a showing that a defendant was prejudiced thereby, since it is his duty to render assistance to the grand jury whenever his services will be helpful.

3. CRIMINAL LAW. *Appeal. Evidence. Prejudice.*

In a trial for murder it was not reversible error to admit the testimony of a witness, in reference to the angle at which certain bullets entered into a post or wall in the room in which the killing occurred, where such testimony was immaterial, and the question of accused's guilt was not dependent upon the direction or angle of the bullets, but upon the question as to whether he or some other person fired the fatal shot.

4. CRIMINAL LAW. *Evidence. Photographs.*

A photograph may be introduced in evidence after it has been shown by preliminary testimony that it is a true and faithful

representation of the place or subject as it existed at the time
of the commission of the crime.

5. SAME.
   It is. necessary that a photograph offered to be introduced in
   evidence should be practically instructive as evidence, and
   whether it is so, or whether it has been sufficiently verified, is
   a preliminary question to be determined by the judge presiding
   at the trial.

6. APPEAL. *Ruling on evidence. Photographs.*
   Where a photograph of a part of the house in which the killing
   occurred was excluded by the trial court, but was not sent up
   as an exhibit on appeal for the inspection of the supreme court,
   its exclusion cannot be reviewed.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.
Ed Le Barron was convicted of murder and appeals.
The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for the appellant.

At the .very threshold of this investigation we find that
the correctness of the action of the court is challenged in
overruling the motion of appellant to quash the indict-
ment returned against him. The testimony conclusively
shows that both the county attorney and the district at-
torney were in the grand jury room while that body had
the case of appellant under investigation. In our judg-
ment, the evidence abundantly shows that the presence
of those gentlement in the grand jury room largely in-
fluenced the jury in the finding of the indictment. In
fact, the conclusion seems almost inescapable that but
for the presence of the district attorney and county at-
torney in the grand jury room no indictment would have
been returned. The grand jury is a very important arm
of the court, and except for the rules and regulations
prescribed by the court and the law for its government,
it has a right to discharge its duties in such manner as it
sees proper, consistent with the due performance of the

duty it owes to the public service. It has always been considered highly improper for the prosecuting officer to interfere, intermeddle with, or to urge the grand jury to return a bill of indictment against any person. We take it that the position could not be challenged that the district attorney or county attorney has no business in the grand jury room, except when called upon by that body for information touching any matter that may be presented in the manner required by law. Section 6 of chapter 6 of the Code of 1875, provides that the district attorney "shall attend the deliberations of the grand jury only whenever they may be required by the grand jury, and shall give the necessary information touching such case in order that the same may be presented in the manner prescribed by law." All Codes subsequent to that of 1857 have identically the same provisions.

See section 214, Code of 1871; sec. 256, Code of 1880; sec. 1556, Code of 1992; and sec. 1663, Code of 1906. It is true that section 4 of chapter 112 of the Act of 1910, creating the officer of county prosecuting attorney, provides that he shall represent the state and appear for the state in all matters coming before the grand jury of his county;" but assuredly the county attorney has no greater power conferred upon him than the law confers upon the district attorney, as he is a subordinate officer and we would take it that when the statute says he shall appear before the grand jury his duties are prescribed and limited by the several statutes heretofore cited for the government of district attorney's, and consequently he can give information when called upon, touching the law of the case, and not prosecute supposed defendants before the grand jury while their cases are being investigated, as he would parties who have indictments preferred against them, in a trial before a petit jury.

We think the views above expressed are in accord with those announced by this court in *State* v. *Coulter,* 61 So. 706. We respectfully submit that the fourth assignment

of error is also well taken.   The testimony of the witness, Scharbrough, clearly invades the province of the jury. It was for the jury to say and conclude as to the relative positions of the several parties and the angle in which the bullet went.

It was shown by the testimony of a witness that a correct photograph or photographs were made of the house in which the tragedy was enacted and as well as of the adjacent structure and building.   The appellant sought to introduce these photographs in evidence after having made the preliminary proof that the same were correct representations, but the court declines to permit the same to be introduced.   This was clearly erroneous.

The universal opinion is that photographs may be used as secondary evidence on the theory that objects which they represent or delineate, cannot themselves be placed before the jury.   The rule is universal so far as we have been able to find that photographs, when shown to be correct, and represent objects and surrounding circumstance which throws light on any of the matters under investigation, are properly admissible in evidence.   In fact, it appears to us that such testimony would be above as valuable as could be adduced and it is universally agreed that all mankind can comprehend better any matter when the same is addressed to the eye rather than the understanding.   One can very often get a better idea from photographs or pictures of any object at a moment's glance   than they could by reading a whole volumn of testimony descriptive thereof.   What the witness says about the relative positions of objects is secondary evidence, then why not have a correct delination by photograph, which testimony is certainly as valuable and can be more readily understood?   It seems that the photographs are admissible in evidence in both civil and criminal cases wherever secondary evidence is admissible. *Baustian* v. *Young,* 75 Am. St. Rep. 462, and monographic note beginning on page 468 where the subject of ad-

missibility of photographs in evidence is practically ex-
hausted. We, therefore, submit that the errors com-
mitted on the trial of the cause in the court below are
such that it ought to be reversed, remanded and a new
trial awarded.

*R. D. Lainer,* for the appellant.

The district attorney, under section 1663, of the Code
of 1906, is required to attend the deliberations of the
grand jury "whenever he may be required by the grand
jury," etc. This is the only license or authority for his
presence there at any time, and then only as an adviser
of the grand jury as to the law covering the case under
investigation.

Section 4, of chapter 112, of the Acts of 1908, being the
original Act creating the office of county prosecuting at-
torney for this state in defining the duties and preroga-
tives of this purely statutory officer, among other things
makes it his duty "to represent the state and appear for
the state in all matters coming before the grand jury
for his county." But section 5, of chapter 253, of the
Acts of 1912, amendatory of chapter 112, of the Acts of
1908, expressly takes away from this officer the duty,
or right even, to "appear before the grand jury." He
is by the latter act only authorized to "represent the
state in all matters coming before the grand jury of his
county. We do not understand it to be the policy of this
state in its administration of the criminal law to permit
either the prosecution or the accused to be "represented"
in the grand jury room, nor is it the policy of our law to
permit the state to be "represented" there. To hold
that under the Act of 1912, chapter 253 thereof, the
county prosecuting attorney is authorized to "repre-
sent" the state in matters coming before the grand jury
for investigation, then the act confers upon him a greater
power than is given to the district attorney under the
law, for he, the district attorney, can only appear as an

adviser of the grand jury. We must look to chapter
253, of the act of 1912, and to that alone for the powers,
duties and prerogatives of the county prosecuting attorn-
ey, and if that act conferred upon him the right to appear
in the grand jury room, even during the deliberations of
that body, he appears there as an advocate of the state,
with all the privileges and prerogatives of an advocate;
and this we understand to be contrary to the policy of
our law. We are aware that this court has held, in the
case of *State* v. *Coulter,* 61 So. 706, that the county prose-
cuting attorney has this right to appear in the grand jury
room during its deliberations, and that this is his duty,
and while we have no desire to be placed in the attitude
of differing with this court in its construction of the
law, yet we feel constrained to present to the court our
construction of the law creating the office of county prose-
cuting attorney and limiting and defining his powers and
duties, in so far as the same may·have bearing on the
case now under consideration.

Should this court adhere to its ruling in the Coulter
case above cited to the effect that the mere presence of
the county prosecuting attorney in the grand jury room
while that body is deliberating, and before vote taken
on the finding of an indictment, does not vitiate an in-
dictment so found, then we submit that inasmuch as boí¹
the district attorney and the county prosecuting attorney
were undisputably in the grand jury room while the
grand jury was deciding this case by their vote, under
the rule as laid down in the case of *State* v. *Coulter,* above
cited, their presence there at that time was fatal to any
indictment as voted on and returned, and this motion to
quash should have prevailed. Mr. Justice PRICE, in the
case of *Blau* v. *State,* 34 So. 153, in reversing that case
on motion to quash the indictment, referring to the grand
jury, uses this language: ''We must keep 'that body'
pure; its findings unaffected by power, fear, sympathy, or
public sentiment. In that way only can it protect the

rich, the poor, the humblest and the greatest in the land, alike.''

We refer the court to the following cases: *Durr* v. *State,* 53 Miss. 427; *Welch* v. *State,* 68 Miss. 341, 8 So. 673; *Wilson* v. *State,* 18 So. 225; *Blau* v. *State,* 82 Miss. 517, 34 So. 153; *State* v. *Coulter,* 61 So. 706.

The third and fourth assignment of error may be considered together. The witness, Scarborough, was permitted, on his direct examination, to give his opinion as to the angle in which the bullet which struck the post or wall travelled after it left the gun. It was not shown that the witness knew where the person who fired the shot stood when the shots were fired; he did not qualify as an expert, and his testimony was purely an opinion and was improperly admitted. *Foster* v. *State,* 70 Miss. 755, 12 So. 822; *Temple* v. *State,* 62 So. 429; Criminal Law, Cent. Dig., sections 1048-1050.

The action of the court in refusing to allow the introduction of the photograph of the scene of the killing, offerred in connection with the testimony of the withness Garraway, was error. The photograph was properly identified, and the witness testified that it correctly protrayed the scene at the time of the shooting. The photograph was offered for the purpose, among others, of demonstrating to the jury that the witness Sellers, from where he said he was at the window in John Cooley's house, could not have seen what he said he saw at the time of the shooting. The appellant was entitled to this evidence, and to have it submitted to the jury for their consideration.

*Frank Johnston,* for appellee.

It appears that the district attorney and the county prosecuting attorney were in and out of the grand jury room during the term of the court and one or the other of them was present several times in the grand jury room while this particular indictment was being investigated

and considered. It appears that these officials were properly in the grand jury room with the full consent and acquiescence of the grand jurors. It also appears affirmatively and expressly from the evidence submitted to the court on the motion to quash that there was not any impropriety in any degree on the part of the district attorney or the county attorney. I will briefly call the attention of the court to the rule on this subject. "Although in some jurisdictions the prosecuting attorney is not allowed in the grand jury room, the general rule is that he may be present before the grand jury to assist in the examination of witnesses, to advise as to the admissibility of evidence and the proper mode of procedure, and to give general advice on questions of law." 20 Cyc. of Law., 1338, par. 8.

Among the many decisions of the courts holding this rule are the following: *Shoop* v. *People,* 45 Ill. App. 110; *United States* v. *Kilpatrick,* 16 Fed. 765; *In re Federal District Attorney,* 7 Fed. 3925. In *State* v. *Gonzalas,* 26 Tex. 197, it was held by the court on appeal that it was improper to quash an indictment on the ground that the person who acted as district attorney was present in the grand jury room, where it does not appear that he was present at an improper time or exercised an improper influence.

In *Kimbrough* v. *State,* 132 Ala. 8, 31 So. 567, it was held that the official prosecuting attorney who appeared before the grand jury which returned the indictment would not vitiate the indictment, although acting under an invalid appointment. The general rule that I have stated that the district attorney may be in the grand jury room and that his presence will not affect the validity of the indictment, where it appears that no improper influence was used on the grand jurors, is announced in the following cases: *Blevins* v. *State,* 68 Ala. 92; *Bennett* v. *State,* 62 Ark. 516; *Gitchell* v. *State,* 146 Ill. 175. It was also held in the Iowa case of *State* v. *Coloski,* 92

Iowa 498. It was also held by the supreme court of the state of Kentucky in *Frankman* v. *Comm.,* 105 Ky. 237.

It was also held in *State* v. *Adams,* 40 La. Ann. 745. The Pennsylvania court held the same doctrine in *Comm.* v. *Bradney,* 129 Penn. St. 199. I refer also as sustaining this rule to *United States* v. *Cobband,* 127 Fed. 713. The rule is applied to the attorney general by the Missouri court in *State* v. *Syllivan,* 110 Mo. App. 75. I respectfully submit that there is nothing in the utterances of this honorable court that is contrary to this doctrine. This court has laid down a different rule in regard to unauthorized persons in the grand jury room. *Dunn* v. *State,* 53 Miss. 525; *Welch* v. *State,* 68 Miss. 341; *Wilson* v. *State,* 70 Miss. 595.

I respectfully submit to the court that the ruling of the trial court in denying the motion to quash the indictment was perfectly proper.

The testimony of Scarborough about the length of the building is immaterial and inconsequential. He was asked if he could state the angle of the bullet, and he expressly said that he could not, and then he was asked what direction the bullet took, and his answer was: "This direction." He seemed to have indicated in some manner in the lower court the direction that the bullet took, but the record does not show what direction the bullet took. But this whole matter was immaterial and unimportant. It is impossible in any view of this case to attach the slightest importance to the testimony of this witness about the bullet holes.

Mr. Garraway was put on the stand and produced two photographs, which are termed in the record exhibits one and two. Mr. Garroway states that these photographs were to be regarded as the front of the house and the window. Mr. Garroway expressly stated that photograph number one did not show one-third of the house of Cooley. That they were taken by an Eastman Kodak, three and one-fourth by five and one-half inches. Mr. Garroway said the kodak was too small to take all the

house. Photograph number one which did not represent all the house, was excluded by the court over the objection of the defendant. Mr. Garroway then said that photograph number two represented practically all of the house except a little that was not included in the negative. It showed the window and also the window upstairs. On the preliminary examination of these photographs the district attorney made the following statement in open court: ''I have no objection to the defendant offering photograph number two in evidence which shows practically all of the house.'' The court then told the jury, at defendant's request, not to regard the statement made by the district attorney.

It is unnecessary for me to go into the question in respect to the admissibility of photograph number one. There is no question about the photograph number two, for the district attorney would have made no objection to its introduction in evidence. I will, however, make the following observation in regard to the rule of law on this point. There is always a preliminary examination and investigation made by the trial court as to the authenticity and reliability of the photograph offered in evidence. It is universally held that a photograph, to be competent evidence, must be shown to be a true and correct copy of the object involved in the controversy. There are a number of cases decided on this point which it is unnecessary for me to cite to the court. It is also well settled and established that whether a photograph is sufficiently verified is a preliminary question to be determined by the judge, who presides at the trial. 17 Cyc. of Law, 415-416, and note 7, 8, and 9. The court in deciding this preliminary question was not open to review on appeal.

The Massachusetts court has laid down the rule that whether a photograph is verified, is a question of fact and not to be subjected to review on appeal. *Honton* v. *Morse,* 162 Mass. 414; *Comm.* v. *Morgan,* 159 Mass. 375; *Plair* v. *Pellus,* 118 Mass. 420.

REED, J., delivered the opinion of the court.

Appellant was convicted of murder and sentenced to the penitentiary for life.

The action of the circuit court in overruling the motion of appellant to quash the indictment against him is assigned as error. The presence of the county prosecuting attorney and the district attorney in the grand jury room, during the time that the charge against appellant was being investigated and deliberated on, was a ground in the motion to quash.

It appears that both officers were present before the grand jury while the case was under investigation. The district attorney was there when the bill was voted on. The county attorney could not state whether or not he was present when the vote was taken. It is shown that neither officer attempted in any way to influence the finding of the grand jury, nor did either of them express opinion on question of fact, or weight or sufficiency of evidence in the case. They were present for the purpose of giving general advice and instruction in the jurors' procedure and the law, and to assist them in the examination of witnesses. Neither of the attorneys participated in the deliberations of the jury, and there is no evidence showing injury or prejudice.

It is made the duty of the county prosecuting attorney by statute (section 5, ch. 253, of the Laws of 1912) "to represent the state in all matters coming before the grand jury of his county." He was therefore properly before the grand jury. The indictment in this case was not in any way rendered invalid by reason of his presence. *State* v. *Coultor,* 61 So. 706, 44 L. R. A. (N. S.) 1142.

Now in reference to the district attorney being present in the grand jury room during its investigation and deliberation in this case: It is stated in Encyclopedia of Pleading & Practice, vol. 10, p. 399, that:

107 Miss. 43

''The prosecuting attorney is the legal adviser of the grand jury in respect of the manner of its proceeding, and may be present and assist it by his counsel. But he can act only as adviser and has no right to exercise any manner of control over its actions.''

In the case of *State* v. *Coulter, supra,* referring to the duties of the district attorney in assisting the grand jury, we said:

''It is certainly the duty of the district attorney to render assistance to the grand jury whenever his services as an attorney representing the state will be helpful. As prosecuting attorney, he should be ready and willing at all times to aid the grand jury in their deliberations, and should go before them for that purpose, and a grand jury, desiring to fully investigate the offense under consideration and to make a correct presentment, will desire the presence of the district attorney and his advice and general help. Of course, he should not be in the room at the time the jury is deciding the case by their vote.''

We find a clear statement of the law, touching the presence of prosecuting attorney before a grand jury and his duty to render assistance in cases being investigated, in 20 Cyc. 1338, as follows:

''Although in some jurisdictions the prosecuting attorney is not allowed in the grand jury room, the general rule is that he may be present before the grand jury to assist in the examination of witnesses, to advise it as to the admissibility of evidence and the proper mode of procedure, and to give general advice on questions of law. But he cannot participate in the deliberations or express opinions on questions of fact or as to the weight and sufficiency of evidence, or attempt in any way to influence the finding. While it seems to be very generally regarded as the better practice, and the grand jury has a right to require that the prosecuting attorney shall retire from the room during its deliberations, and in some

jurisdictions his presence is expressly forbidden by the statute, the mere fact that, with the consent of the grand jury, he is present while the jurors are deliberating or voting on a charge, will not constitute such an irregularity as, in the absence of a showing of injury or prejudice to the accused, will invalidate an indictment.''

In *United States* v. *Terry* (D. C.), 39 Fed. 355, it was decided that:

''The mere fact that the district attorney was present during the expression of opinion of the grand jury upon the charge in the indictment, and during their voting thereon, is at most an irregularity, which, in the absence of averment of injury or prejudice to defendant, is a matter of form, and not of substance.''

In *Commonwealth* v. *Bradney,* 126 Pa. 199, 17 Atl. 600, it was decided that if there was no participation on the part of the district attorney in the deliberations of the grand jury, or no effort by him to influence their finding, his mere presence in the jury room during their deliberations is not good ground for quashing the indictment. Judge CLARK, delivering the opinion of the court in this case, said:

''The district attorney is the attendant of the grand jury; it is his duty as well as his privilege to lay before them matters upon which they are to pass, to aid them in their examination of witnesses, and to give them such general instruction as they may require. But it is his duty during the discussion of the particular case, and, whilst the jurors are deliberating upon it, to remain silent. It is for the jury alone to consider the evidence, and to apply it to the case in hand; any attempt on the part of the district attorney to influence their action or to give effect to the evidence adduced is in the highest degree improper and impertinent. Indeed, it is the better practice, and the jurors have an undoubted right to require, that he should retire from the room during their deliberations upon the evidence and, when the vote is

taken, whether or not an indictment shall be found or a presentment made. In the absence, however, of any participation in the deliberations of the jury or effort on his part to influence their finding, we do not think that the mere presence of the commonwealth's officer in the jury room would be good ground for quashing a bill; no case has been called to our attention which carries the rule to this extent.''

We commend the clear and full statement made by Judge CLARK of the duty and conduct of the district attorney in his attendance upon the grand jury and in his assistance in their work. We find there is no showing in this case of injury or prejudice to appellant by reason of the presence of the district attorney in the grand jury room. While it is a better practice for him not to be in the room while a vote is being taken, the mere fact of his presence will be considered as an irregularity. The motion to quash was properly overruled.

We find no reversible error in the admission of the testimony of one of the witnesses, in reference to the angle in which certain bullets entered into a post or wall in the room in which the killing occurred. This testimony was entirely immaterial in the case. The question of appellant's guilt was not dependent upon the direction or angle of the bullets, but, as shown by the whole evidence, it was only one of identity—whether the fatal shots were fired by appellant or a man called Oscar Johnson. As the testimony was immaterial and could not affect the issue in the case, it is unnecessary in this consideration to determine whether or not such testimony, if material, would be competent.

Appellant contends that the court erred in refusing to admit a photograph purporting to show a part of the house in which was located one of the state's witnesses at the time of the shooting. The counsel for the state objected to its admission because the photograph showed only a small portion of the building. It appears that

two photographs were in the hands of the witness.  The
photograph offered in testimony by appellant is called
Exhibit No. 1.  Another photograph was in the hands of
the witness called Exhibit No. 2, and he stated that it
represented nearly all of the house.  No objection was
made by the district attorney to appellant's offering pho-
tograph No. 2 in evidence, but it was not offered.  The
court would not admit photograph No. 1.  It appears to
be the law that a photograph may be introduced in evi-
dence, after it has been shown by testimony that it is a
true and faithful representation of the place or subject
as it existed.  As to the admissibility of a photograph,
we quote as follows from Jones, Commentaries on Evi-
dence, vol. 3, sec. 581:

"It is a constant practice to receive as evidence pic-
tures and drawings of objects which cannot be brought
into court, after these have been proved to be accurate
representations of the subject.  In like manner photo-
graphs are often admitted, when the proper preliminary
proof as to their exactness and accuracy is offered.
They are of the same character of evidence as diagrams
and pictures drawn by hand; not necessarily carrying the
same degree of probative force, but still of the same
character; not in themselves evidence at all, but repre-
senting to the eye what the witness declares was the real
appearance of the thing at the time he saw it.  Diagrams,
drawings, and photographs are resorted to only because
the witness cannot with language as clearly convey to
the minds of the court and jury the scene as the light
printed it on the retina of his own eye at the time of
which he is testifying.

It is necessary that a photograph offered to be intro-
duced should be practically instructive as evidence, and
whether it is so, or whether it has been sufficiently veri-
fied, is a preliminary question to be determined by the
judge presiding at the trial.  17 Cyc. 415.

In the case at bar we do not see that the trial court
erred in refusing to admit the photograph, Exhibit No.

1. The original photographs, which were in the hands of the witness when he was being examined, were not made exhibits to the record in this case and not sent up to us for our inspection. We have not therefore seen the photographs, and we cannot say, after a personal examination thereof, that the court erred in refusing to admit in evidence the photograph marked Exhibit No. 1.

We have considered all of the other assignments of error in this case and do not find any reasons for reversal in any of them.

*Affirmed.*