GRANTHAM *v.* STATE.

June 9, 1952.

No. 38394 (59 So. (2d) 344)

**Ernest W. Graves, David Gross,** and **Earle L. Wingo,** for appellant.

**J. T. Patterson,** Assistant Attorney General, for appellee.

**Holmes, J.**

Appellant was indicted in the Circuit Court of the Second Judicial District of Jones County for the murder of Willie B. Knight. He was tried and convicted and

sentenced to death. He prosecutes this appeal, contending (1) that the court erred in overruling his motion to quash the indictment, and (2) that the court erred in refusing his request for a peremptory instruction, and (3) that the verdict of the jury is contrary to the overwhelming weight of the evidence, and (4) that the court erred in refusing to grant to him certain requested instructions.

The homicide occurred on the afternoon of September 7, 1951, at the grocery store of the deceased located on the south side of Highway 84 about five and one-half miles west of the City of Laurel. The deceased and his wife occupied living quarters in the rear of the store. He had been a cripple for about 22 years and got about with the aid of a walking stick. There was a U-shaped counter in the store, the front of which faced the front of the store, and the two sides of which extended back to the rear of the store. The deceased was accustomed to sit on a stool behind the front section of the counter and near the cash register, from which position he usually served his customers. He was shot and killed by the appellant while sitting in his accustomed place on the stool behind the counter, three of the shots taking effect in his chest and the other penetrating the fleshy part of his arm about six inches below the right shoulder and entering his back. The appellant claimed self-defense, testifying that he went in the store to collect a balance due him for some whiskey he had sold the deceased and that an argument ensued and that at the time he shot the deceased, the deceased was undertaking to shoot him with an object which he had in his hand and which the deceased was pointing at him, and which, although wrapped in a sack, appeared to be a pistol. The only other eyewitness to the shooting, State's witness Lee Roney, testified that he heard the first shot and looked through the window of the store and saw appellant shoot deceased as he sat at the counter, and that appellant and deceased were facing each other, and that

he saw no weapon in the hands of the deceased; that appellant came out of the store with his gun in his hand and aimed the gun at Roney's waist, saying "I will just kill you and won't leave no damn witness"; that he tried to fire the gun at Roney but the gun snapped and did not fire; that appellant then got in his car, the engine of which was running, and drove hurriedly, away. Appellant's testimony was directly contradicted by the testimony of the State's witness Roney, and was also substantially contradicted in material particulars by other credible witnesses and by physical facts. Further analysis of the testimony is deemed unnecessary. It is sufficient to say that the evidence was conflicting and clearly presented an issue of fact for the determination of the jury. We are, therefore, of the opinion that the trial court committed no error in refusing appellant's request for a peremptory instruction and that the verdict of the jury is amply supported by the evidence.

Appellant, however, seeks to invoke the principle announced in the case of Weatherby v. State, 165 Miss. 207, 147 So. 481, and like decisions of this court, holding that where the defendant is the only eyewitness to a homicide, his version must be accepted unless substantially contradicted in material particulars by credible witnesses, physical facts, or facts of common knowledge. These cases, however, have no application to the case at bar. Appellant was not the only eyewitness to the shooting. Lee Roney was likewise an eyewitness to the shooting and clearly contradicted the appellant in his testimony that at the time he fired upon the deceased, the deceased was then undertaking to shoot him with what the appellant discerned to be a pistol in the hands of the deceased. There was also ample justification in the evidence for the jury to find that appellant's testimony was contradicted in material particulars by other credible witnesses and by physical facts. It was for the jury to say under all of the evidence which of the two eyewitnesses was telling the truth.

Appellant further contends that the trial court erred in overruling his motion to quash the indictment. This motion was based upon the ground that the district attorney was present in the grand jury room while the grand jurors were voting on the indictment. While this Court in prior decisions has said that it is the better practice for the district attorney to absent himself from the grand jury room while the grand jurors are voting on an indictment, the Court has nevertheless held that the presence of the district attorney at such time in the grand jury room is only an irregularity and constitutes no reversible error in the absence of proof of injury or prejudice resulting therefrom to the defendant. Le Barron v. State, 107 Miss. 663, 65 So. 648; Temple v. State, 165 Miss. 798, 145 So. 749. No proof of such injury or prejudice to the appellant appears in this case.

Appellant further complains that the court erred in refusing to grant to him certain requested instructions shown in the record. We have carefully examined these instructions and are of the opinion that the trial court committed no error in refusing them.

After a careful and painstaking review of the entire case, we are clearly of the opinion that the appellant received a fair and impartial trial, and that the evidence amply supports the judgment of conviction, and that the record is wholly free from reversible error. The judgment of conviction is therefore affirmed and Thursday, the 24th day of July, 1952, is fixed for the date of appellant's execution.

Affirmed and Thursday, the 24th day of July, 1952, fixed for appellant's execution.

All Justices concur.