BRADY, Justice:
This is an appeal from the Circuit Court of Harrison County, Mississippi, wherein the appellant was convicted of burglary and larceny of the B. & M. Wine Cellar in Gulfport, Mississippi, and was sentenced to serve a term of three years in the Mississippi State Penitentiary. From this judgment this appeal is taken.
The appellant, Sam Ledbetter, was indicted along with three accomplices for the burglary of thirty-one cases of assorted whiskies and wines from the B. & M. Wine Cellar on the morning of September 22, 1968, having a value of between $900 and $1500.
The record discloses, along with the testimony of two accomplices, Thomas Strangi, Jr., and Walter John Brois, that they with one Larry Maricich went to the liquor store known as Sam’s Package Store, owned by the appellant, about 10:00 P.M. on September 21, 1968; that they rode with the appellant in his Volkswagen bus from the appellant’s liquor store to the B. & M. Wine Cellar and after driving around the wine cellar they drove to the home of the appellant. Thomas Strangi, Jr. and Walter John Brois testified that the three of them then took the appellant’s Volkswagen and drove back to the B. & M. Wine Cellar. Brois and Maricich got out and Thomas Strangi, Jr. then drove the bus around the neighborhood watching, while the other two broke into the B. & M. Wine Cellar by means of prying open the back door. They then removed thirty-one cases of assorted wines and whiskies, stacking it behind the B. & M. Wine Cellar.
The record further discloses that Strangi stopped when signaled to do so and then all three loaded the wine and whiskey into the appellant’s Volkswagen bus and carried it to the appellant’s house. The three men unloaded the wine and whiskey from the bus and placed it in the appellant’s home, where it was hidden in a washing machine, a cedar chest and a closet. Fearing that his fingerprints might be detected on the broken back door, it appears Maricich returned to the B. & M. Wine Cellar and set fire to the door seeking to burn it down.
Detective John Barrett, Captain of Detectives with the Gulfport Police Department, investigated the burglary of the B. & M. Wine Cellar. He testified that a “permission to search” had been signed by the appellant and under this authorization the appellant’s residence was searched. During this search it was discovered that loose bottles of whiskey and wine were hidden in the tub of a washing machine and covered with clothes, in a cedar chest and also covered with clothes, and stored in a closet in unmarked cases; however, none of the *784 whiskey was confiscated at the time of this search. A second “permission to search” was subsequently obtained from the appellant and before the appellant signed the second “permission to search” Detective Barrett thoroughly advised him of all of his constitutional rights, including' the right not to have his premises searched. As a result of the second search two hundred and forty-four assorted bottles of half-pints, pints, fifths and gallons of wine and liquor were seized.
Detective Lester Thompson of the Biloxi Police Department testified that the appellant was asked to come down to the police station as a result of the written statement taken from Walter Brois and that when the appellant came to the police station he was told of the charges against him and was informed fully of his constitutional rights by reading to him the requisite rights as set out in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). The appellant was then asked if he understood everything and he replied, “Yes, sir.” He was asked to sign a “permission to search” which he first refused to do, but after being told of the procedure for getting a search warrant and that one would be obtained, he then agreed to and did sign the first “permission to search.” The record clearly shows that the appellant was present at his home at all times during both searches.
Insofar as knowing Thomas Strangi, the appellant testified, “I have never seen that boy in my life.” He denied knowing Walter Brois. He denied that Strangi, Brois and Maricich came to his place of business or to his home in his Volkswagen bus on the night in question. He admitted that he knew Larry Maricich; that Maricich came to his place of business about 4:00 P.M. asking to borrow the Volkswagen. He agreed Maricich could do so and that Mar-icich could come by his store around 10:00 P.M. and take him home. He testified Maricich did so and he loaned his Volkswagen to Maricich who drove off.
Appellant further testified that the whiskey and wines confiscated under the second search were the remnants of $10,000 worth of illegal whiskey which he still had in stock from prohibition days of the State of Mississippi. He testified he had owned this liquor for some two and a half years, and that he sold some of it from his home to certain customers on Sundays.
The factual issues were submitted to the jury, together with uncontested instructions, and the jury returned a verdict of guilty. The appellant was sentenced to serve a term of three years in the Mississippi State Penitentiary. From this verdict this appeal is taken.
Appellant assigns five errors, two of which relate to the permitting of photographs of the burned place of business and of the whiskey cartons and bottles of whiskey to be introduced in evidence. Appellant urges that this constitutes reversible error and cites the case of LeBarron v. State, 107 Miss. 663, 65 So. 648 (1914), as authority for his contention. We note that in the LeBarron case we quoted from Jones, Commentaries on Evidence, volume 3, section 581 (1908), as follows:
It is a constant practice to receive as evidence pictures and drawings of objects which cannot be brought into court, after these have been proved to be accurate representations of the subject. (107 Miss, at 677, 65 So. at 649.)
It would be impractical if not impossible to bring the back wall of the B. & M. Wine Cellar, including the burned door, to exhibit to the jury what the officers found when they investigated the burglarized premises. The dislocated cement blocks, the broken and scarred door, and the smoked door transom, as well as the washing machine filled with bottles of whiskey, the large cedar chest and the built-in closet with whiskey stored therein, all fall within the rationale in the quotation from Le-Barron v. State, supra.
*785 In the case of Willette v. State, 224 Miss. 829, 80 So.2d 836 (1955), we pointed out that photographs have been received for the purpose of describing and identifying premises which were the scene of the crime and they need not show all of the premises if they show the material part. In the case at bar all of the photographs introduced were an accurate and fair representation of the items which they portrayed at the time they were taken. These photographs were an aid to the jury in comprehending the testimony of all witnesses. The different locks on the door of the B. & M. Wine Cellar which had been broken were disclosed by the photographs. How the forceful breaking and entering of the store was accomplished is revealed and the pictures show the condition which existed at the scene when the officers arrived. Certainly the photographs of the whiskey as it was secreted and hidden in the various parts of appellant’s home were admissible in evidence. It should be noted that we held in Willette v. State, supra, that photographs, whether original or copies, are admissible as primary evidence upon the same grounds and for the same purposes as are diagrams, maps and drawings of objects or premises.
The second error which deserves our consideration is that the court erred in not granting a mistrial because testimony was introduced by the State when directly examining Detective John Barrett of the Gulfport Police Department that Louisiana stamps were on some of the whiskey taken from appellant’s package goods store and particularly since the records will show that appellant is under indictment therefor. The record discloses that just before recessing for the day, Detective Barrett was asked on redirect examination by Mr. Richard Graves, Assistant District Attorney, the following question:
“Q. What about the liquor you examined at Sam’s Package Store, was there anything on that liquor to identify it?
“A. Yes, sir.
“Q. There was something on it ?
“A. Louisiana stamps.
“Q. But so far as what liquor store it came from, was there?
“A. No.
“BY MR. GRAVES: I believe that’s all.
“BY MR. SEKUL: No further questions.”
The record discloses that thereupon the court recessed, it being five o’clock in the afternoon.
Upon convening of court the following morning, the attorney representing the plaintiff made an oral motion that a mistrial be entered for the reason that the day before Detective Barrett had testified concerning Louisiana stamps on some of the whiskey that was taken from appellant’s package store belonging to the appellant and that the State had intentionally examined the witness, Captain John Barrett of the Gulfport Police Department concerning the Louisiana stamps on the whiskey, “therefore implying that there was another crime committed by Mr. Ledbetter, the Defendant in this case, totally unrelated or connected with this case, and therefore it prejudices the rights of the Defendant before this jury and inflames their minds against him.”
The record discloses that Assistant District Attorney Graves pointed out that the question relating to the bottles and any identifying marks whatsoever on them was first gone into by defense counsel, which prompted his questions on redirect, simply trying to determine whether or not there was any way to tell what package store these bottles came from and that the answer relating to the stamps was in response to the question which he asked but that it did have to do with identifying the bottles and the detective was simply answering the question the best way he *786 could; that he had not purposely gone into the matter, but that counsel representing the appellant had, and that once the door was open he felt it was proper for him to try to identify the bottles also.
The court sustained the motion of counsel representing the appellant to sustain the objection to the testimony but overruled appellant’s motion for a mistrial. When the jury returned to the courtroom following these proceedings, the court thereupon advised the jury:
“Members of the jury, you will remember on yesterday there was some testimony about the Defendant’s Package Store having Louisiana stamps on his whiskey in the Package Store. The Defendant has objected to that testimony and the Court does now sustain the objection to that testimony, because it has no bearing on the case on trial and you are instructed to disregard it.”
While testimony relating to the Louisiana stamps involving the commission of another crime is inadmissible and constitutes error, it is not, in our opinion, reversible error in the case at bar. The answer involving the Louisiana stamps was of such slight consequence that the attorney for appellant made no objection at the time and apparently the matter was unnoticed not only by counsel representing appellant but also by the court and the jury. It was on the following morning in retrospect that counsel for the appellant decided that appellant’s rights had been violated and the jury inflamed, and counsel representing the appellant, in the absence of the jury, magnified the importance of the incident in urging that a mistrial be granted. The court properly excluded the evidence and properly admonished the jury that they were to disregard any testimony relating to Louisiana stamps. Therefore, there is no merit in the contention of appellant that a mistrial should have been entered.
The testimony of the accomplices, Walter Brois and Thomas Strangi, Jr., together with the photographs and the evidence of the officers m this case, clearly establish facts upon which the jury could render a verdict of guilty against the appellant, and there was a direct connection between the burglary committed and the offense charged in the indictment. Kitchens & Pearson v. State, 243 Miss. 194, 137 So.2d 919 (1962); Walley v. State, 240 Miss. 136, 126 So.2d 534 (1961).
There is no merit in appellant’s contention that the lower court erred in not sustaining appellant’s motion for a directed verdict.
For the foregoing reasons, the judgment of the Circuit Court of Harrison County is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.