EUGENE SUTTLE *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 552.]

1. CRIMINAL LAW. *Homicide. Instruction. Defenses.*

> An instruction for the state in a case of homicide is fatally erroneous if it ignores and removes from consideration of the jury a valid defense supported by evidence and insisted upon by the defendant.

FROM the circuit court of Winston county.

HON. ROBERT F. COCHRAN, Judge.

Suttle, the appellant, was indicted for the murder of one Dock Smith, was tried and convicted of manslaughter and sentenced to the penitentiary for a term of five years, from which conviction and sentence he appealed to the supreme court.

Appellant and one Hughes had heated words at a public gathering; the appellant seized a gun, and while holding it in his hand a bystander caught hold of it and a tussle followed, during which the gun was discharged and Smith, the decedent,

also an innocent bystander, was shot and died from the injuries received. The contention of the state was that appellant fired the gun in an effort to kill Hughes. The defense was that the gun was discharged by accident during the scuffle for its possession. There was no evidence that appellant pulled the trigger. The court gave the following instruction at the request of the state:

"(3) The court charges the jury, for the state, that manslaughter is the killing of a human being without the authority of law, by the use of a dangerous weapon, in the heat of passion, without malice, and not in necessary self-defense; and the court charges the jury, further, that if they believe from the evidence in this case, beyond a reasonable doubt, that the defendant had an altercation with John Hughes about the breaking of a lantern, and that he procured a gun, and loaded the same, and came into the room in the heat of passion and without malice, intending to discharge said gun at John Hughes, and in the struggle over and for the possession of said gun the gun fired and killed Smith, at a time when the defendant, Suttle, was in no real or apparent danger at the hands of any one, of life, limb, or great bodily harm, and not in his necessary self-defense, then he is guilty of manslaughter, and the jury should so find."

*Jones & Jones,* for appellant.

The third instruction for the state is erroneous in this, that manslaughter is not predicable of the facts stated; and second, it attempts to state a hypothetical case and leaves out certain parts of the evidence material and favorable to defendant, and gives prominence to and emphasizes other parts of it not favorable to the defendant. *Prine* v. *State,* 73 Miss., 838 (s.c., 19 South. Rep., 711).

*R. V. Fletcher,* assistant attorney-general, for appellee.

The third instruction for the state on the subject of manslaughter is the serious question in this case. Appellant testi-

fies that the gun was accidentally discharged, but the instruction under review seems to hold him guilty whether it was discharged accidentally or intentionally. This may or may not be cured by the third instruction granted to appellant. The case is respectfully submitted to the court.

TRULY, J., delivered the opinion of the court.

The granting of the third instruction for the state was fatal error. The defendant might well concede all the facts set out in that charge and still be guilty of no offense included in the indictment in this case. The appellant did not deny that he was in possession of the gun, or that the gun while so in his possession was discharged. His defense was based on the contention that he was not responsible for the firing of the fatal shot, and that the gun was accidentally discharged during the struggle for its possession, and without any intention on his part either to fire the gun or to injure either the person slain or the man with whom he had previously been engaged in an altercation. There was proof tending to support this theory, which the instruction under review absolutely ignored.

*Reversed and remanded.*