## STATE *v.* LOUIS COULTER.

[61 South. 706.]

1. CRIMINAL LAW. *Grand jury. Foreman. Excused from deliberating. Effect. Presence of county attorney. Indictment. Objections. Motion to quash. Code 1906, sections 1418-1417-1427. Laws 1912, chapter 253.*

Where the foreman of a grand jury consisting of twenty members was also the president of a bank, it was proper to exclude him from the grand jury room while a charge of embezzlement of the· funds of the bank by the cashier was being investigated, and this did not invalidate an indictment against the cashier returned in strict compliance with Code 1906, section 1418, including the proper endorsement by the foreman, since under Code 1906, section 1417; it was necessary for only twelve of the grand jurors to concur in the indictment.

2. GRAND JURY. *Absence of foreman. Effect.*

The presence of the foreman of the grand jury at all times in the grand jury room is not required by law; his duties are those of a presiding officeŕ and when he is absent, such duties may be performed by another, and an indictment found in his absence where a sufficient number of the jury have voted to return such indictment will not be invalid.

3. GRAND JURY. *Deliberations. County prosecuting attorney. Laws 1912, chapter 253.*

Under authority given by Laws 1912, chapter 253, a county prosecuting attorney may at the request of the district attorney and the grand jury be present in the grand jury room during the deliberations of the jury, but should not be in the room at the time the jury is deciding the case by their vote.

4. SAME.

Where a county prosecuting attorney is present with the grand jury during their deliberations on their invitation and it is not shown that he improperly influenced the grand jury, his presence at such time will not invalidate an indictment.

5. INDICTMENT. *Objections. Motion to quash. Code 1906, section 1427.*

Where objections to indictments are *dehors* the face thereof, under section 1427, Code 1906, it was correct to present the same by a motion to quash.

APPEAL from the circuit court of Jefferson Davis county.

HON. A. E. WEATHERBY, Judge.

Louis Coulter was indicted for embezzlement. From a ·judgment quashing the indictment, the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-genearl, for appellant.

There are two questions presented in the case by the quashing of the indictment. They are, first, whether the absence of the foreman from the grand jury room in the investigation of this case by the grand jury, and the finding of this true bill would vitiate the indictment in the case. Second, whether the presence of Mr. Livingston, who was the county prosecuting attorney, and who was before the grand jury not only at their request, but at the request of Mr. Hall, the district attorney, on the facts as shown by the evidence in this case, invalidates the indictment. I will discuss these questions in the order presented.

In the first place, the absence of Mr. Holloway from the grand jury room while the evidence was being taken before the grand jury, and the grand jury were acting in the finding of this indictment, in my judgment, I respectfully submit to the court does not vitiate this indictment. The court will observe that this bill is signed by the foreman of the grand jury. It is also signed by the district attorney, and is marked filed, and made a part of the record so that the indictment in this case is most fully and amply authenticated as a record according to all the decisions. It was proper for Mr. Holloway, who was also president of the Bank of Carson, not to participate in the proceedings and deliberations of the grand jury in respect to this particular indictment, and he acted with propriety in being excused. He signed the bill as foreman but his signing of the bill as foreman

was not an invalid authentication of the bill of indictment, nor did it necessarily imply or require that he should have been present in the grand jury room, and participating in the deliberation of that body, when the indictment was found. The whole function of the signature of the foreman of grand jury to the, true bill is simply an authentication of the fact that it was found by an adequate number of jurors.

Mr. Bishop in the 2nd vol. of New Criminal Procedure, p. 548 says; "It is immaterial on what part of the bill the foreman's signature appears." He further says, "and such endorsement by the foreman simply imports that the finding was by an adequate number of jurors." 2nd Bishop New Crim. Procedure, sec. 698, par. 2, and sec. 699, par. 1.

As to the functions and effect of the signing of the bill by the foreman that was certainly an authentication, of the fact that it was found by an adequate number of jurors, and conformed to the law in repsect to the mode of procedure in the grand jury room. I cite the following cases: *Turns* v. *C.*, 6 Met., 224; *Dutell* v. *S.*, 4 Greene, Iowa, 125; *Spigener* v. *S.*, 62 Ala. 383.

I find no requirement in the statute, and I am not aware of any rule of common law that requires the actual presence of the foreman of the grand jury in the room in each and every case when an indictment is found by the grand jury. Suppose the foreman, was, as in this case interested in the matter in such a manner as to render it highly improper for him to act upon the grand jury in the particular case, suppose he was ill or unavoidably absent, or could not participate in the finding of an indictment because of some other pressing reason, I respectfully submit that it could not be held that an indictment thus found by the grand jury and by nineteen members thereof was a nullity because of his unavoidable absence from the grand jury room at the time when the indictment was actually found.

In our crimnal jurisprudence, we have certainly enough of the technical, arbitrary, and often purely artificial technical rules in respect to criminal procedure, that are availed of by persons charged with criminal offenses, without adding this refined technicality to the list. It is true that our statute provides that a foreman shall be appointed for the grand jury, and so a foreman was appointed for this grand jury, and he took the oath of office, and the other grand jurors all took exactly the same oath which the foreman took, and the only official function that the foreman performs is that he is the spokesman of the grand jury, and presides over the deliberations of said body, and probably gives the proper directions to the sheriff for serving process. He signs the indictment as foreman, but as shown by the authorities cited, that does not require that he shall have been present in the grand jury room when the particular indictment was found. It would have been idle ceremony for the trial court to have undertaken to appoint a special foreman for this particular indictment, in the investigation of this charge. Indeed, it may be seriously doubted whether such a proceeding as this on the part of the trial judge would have been technically correct. This foreman was not incompetent as a grand juror, but it is certainly a matter of propriety that he should not act in a case where he was president of the bank that was the subject of the embezzlement and the investigation by the grand jury. An adequate number of jurors found the bill. They found it upon evidence adduced before them, and they voted upon this particular matter, and found the indictment, and it was thus endorsed by the foreman.

It was easily within the knowledge of the foreman of the grand jury that this bill had been found, and that it was a true bill, and he properly authenticated the same. In considering this as a purely technical and artificial question of law, I submit to the court that the procedure in this case was absolutely and substantially correct in

every respect. No wrong has possibly been done to the defendant in the case, and I respectfully submit to the court that it would carry the refinements of technicalities far beyond the line of any consideration of substantial justice to strike down the indictment on any such ground.

There are numbers of cases holding the rule that even where a statute provides that a foreman should certify the indictment to be a true bill on the indictment itself, it was held to be only directory. Among these cases are the following: *State* v. *Mertens,* 14 Mo. 19; *State* v. *Lassley,* 7 Port., 526; *Greeson* v. *State,* 5 How. Miss. 33; *Bennett* v. *State,* 8 Hump. 118; *State* v. *Muzingo,* Meigs., 112.

I can find no authority holding that the foreman should be present when each indictment is found any more than that every other member of the jury should be present at the finding of each indictment lawfully returned by the grand jury.

We are forced to no suppositions or technical persumptions of law in regard to improper influences on this grand jury, for it is proven as a fact in the case clearly and specifically on the hearing of the motion that Mr. Livingston was there in a proper manner at the request of the grand jury, and on the invitation of the district attorney, and he was there expressly to give the grand jury legal advice, and it was shown that he made no suggestions to the grand jury in regard to this case, and none whatever in regard to their action in finding the indictment, so therefore we have the case cut down to the single point of the actual presence of the county prosecuting attorney in the grand jury room at the time while they were deliberating over this matter. I recognize the fact that this court has said in *Burr's case,* 53 Miss. 425, and subsequent cases, that where an outside party for instance, a private prosecuting attorney, and not a witness, goes into the grand jury room, and uses his influence in furtherance of a presentment, the indictment

would be invalid, but it has been held by this court in the case of *Bacon* v. *State,* 77 Miss. 366, that the presence even of an unauthorized person in a grand jury room, during the deliberations of the jury, and the fact that he made statements charging the guilt of the person subsequently indicted, would not warrant the quashal of the indictment, where in point of fact it was shown that his participation was not prejudicial to the defendant, or the person indicted.

I respectfully submit to the court that this is by far the most reasonable rule, that where the facts are known, and it is perfectly apparent that not the slightest effort has been made to influence the grand jury, that the presence of even an unauthorized attorney in the room, as a private prosecutor, that is to say, his mere presence, would not invalidate the indictment. In this case, Mr. Livingston was present at the request and invitation of both the grand jury and the district attoreny. If Mr. Livingston had been employed to prosecute this case, which he was not, his actual presence in the grand jury room, without any effort at all to influence that body, would not invalidate the indictment. The fact that Mr. Livingston was employed in the civil matters of the bank does not change the law of the case, and does not present a material consideration for the court.

*G. Wood Magee,* for appellee.

At the time this indictment was found against Coulter the grand jury had no foreman, the foreman, R. E. Holloway, having been caused to retire from the room and therefore not permitted to take any part in investigating the facts of the case. The foreman could not then comply with his oath as set out in section 2701 Mississippi Code of 1906 where he is caused to swear that he will "diligently inquire into and true presentment make of all such matters and things as shall be given you in charge."

"It is mandatory on the presiding judge to appoint a foreman at all times. The grand jury can no more act, in its capacity as a grand jury, than the court can act without a presiding judge. One is as essential as the other for the transaction of their respective business.

If the foreman or any other member of the grand jury becomes disqualified or unable to act, the remedy is provided in section 2705 Mississippi Code 1906. This section applies to any and all members of the grand jury, the foreman as well as the others.

In the case at bar the matter of the foreman's disqualifications should have been reported to the presiding judge and another foreman appointed and sworn in to act in this special case.

If a sufficient number had been disqualified as Holloway was, so that there would not have been left the number required by law, no one will dispute for a moment that the judge would have been required by law to appoint others in their places.

Now, the foreman is the legal head of the grand jury, just as the presiding judge is the legal head of the court, in other words, the foreman directs and controls the grand jury in its investigations and deliberations and, then he "true presentment makes" to the court and as evidence of that true presentment he endorses his name on the back of the indictment and without this endorsement of his name on the indictment the indictment is fatally defective. *Keithler* v. *State,* 10 S. & M. 192. Section 1418 Mississippi Code 1906. Suppose Holloway, the foreman of the grand jury, had gone home and remained away the balance of the term of court, would anyone try to uphold the indictments found in his absence unless the court had followed section 2705 of the Code and appointed another foreman?

Every state has her peculiar system of procedure in matters of this kind and that mode or system of procedure is marked out by statute, and of course these

statutes being criminal or penal must be strictly construed in favor of the person charged with crime.

It will not do to brush aside this question as is attempted by the state in the brief filed and say that the objection raised by the plea here is technical and that there are too many technicalities availed of by persons charged with criminal offences already. Technicalities are the law because they (technicalities) are rules prescribed by the law making body of the state by which the courts are to be governed and controled in the trial of cases. When we abolish technicalities we abolish the law, we abolish the prescribed rules and methods of practice and procedure, and the assertion contained in the state's brief in this case that this objection is a refined technicality is far from correct and is discouraging, indeed, to one attempting to follow and adhere to those rules and methods of practice and procedure adopted and prescribed by the law making body of Mississippi.

During the deliberations of the grand jury about this matter the county prosecuting attorney was present with the grand jury.

The evidence taken on the hearing of this plea or motion shows that he had been retained by the very persons who were marked on the indictment as state witnesses against appellee, and that his employment was with reference to this very matter, and which was the subject of the indictment against Coulter.

Of course the county prosecuting attorney under circumstances of this kind representing as their attorney, the state witnesses in the case, would not and did not use any influence upon the grand jury in order to get an indictment in this case.

The trial judge heard the evidence in this matter and he saw the witnesses when they were testifying and he decided that it was manifestly unfair to appellee that he should be indicted under circumstances like this.

He decided that inasmuch as the county prosecuting attorney was the hired counsel of the state witness for the purpose of protecting them in this very matter, even though the matter was of a civil nature, he should not have been present when the grand jury was "deliberating" upon the indictment. In other words, the action of the grand jury should be clear and free from any influence of this kind, for as was developed from observation and from the evidence and on inspection of the indictment, the whole bunch, the county prosecuting attorney and all, were against Coulter and Coulter against them.

No one but the district attorney had any right to attend the "deliberations" of the grand jury and he would not have this right if it were not for section 1663 of the Mississippi Code of 1906. He can attend the "deliberations" of the grand jury only when requested or required by the grand jury. The grand jury can, if they so desire, exclude him while they are "deliberating." It is quite a different thing to attend the "deliberations" and attend while the grand jury is hearing evidence. The "deliberations" take place after the evidence is heard and while the vote is being taken for or against the bill of indictment, and this period of time, under our law, is solemn and sacred, and is and should be so regarded by our courts. Many a time have I seen strong stalwart, christian men, members of the grand jury, hang their heads in earnest, solemn, silent meditation before casting their votes, because they felt or realized that they were about to vote away the sacred and unpurchasable liberty of a citizen for an alleged crime and they wanted to be sure they were right before voting.

Now, should a person interested by reason of employment as an attorney, and one whom no constitutional nor statutory provision gives the right to be there, should he be present while the grand jury is "deliberating" about the matter?

Time and time again our court has said, no strangers to the law are allowed in the grand jury room while they are deliberating on or about a matter, and the county prosecuting attorney is a stranger both to the Constitution and the statutes of the state so far as attending the "deliberations" of the grand jury may be concerned. *Herrington* v. *State,* 53 South, 783 and authorities cited in this case. No right is given the county prosecuting attorney by act creating this office to attend the deliberations of the grand jury. See chapter 112, p. 96, Laws 1910 and chapter 253, p. 319 Laws 1912, and if no right is expressly given in this law to attend the "deliberations" of the grand jury then the law must be construed against his attending. If the legislature had intended that the county prosecuting attorney might attend the "deliberations" of the grand jury, a provision of law applicable to him, would appear in the statute just as section 1663, Code 1906 is applicable to the district attorney. But no such law giving the county prosecuting attorney this right can be found anywhere.

Two former indictments against appellee for the same alleged offense as contained in the indictment in this case had been demurred to for defects appearing on the face thereof and the demurrers sustained by the court; in fact the demurrers were confessed by the state and the grand jury found the indictment in the instant case without hearing evidence.

The demurrer of the state confesses this point and we submit that the action of the lower court was correct in overruling the demurrer.

Now, in conclusion, I respectfully submit that because the grand jury had no foreman when the indictment was found; because the county prosecuting attorney, who was the hired counsel of the state witness was before the grand jury attending the "deliberations" of the grand jury; and because the indictment was found without hearing evidence, the action of the lower court ought to be affirmed.

Reed, J., delivered the opinion of the Court.

Louis Coulter was indicted for embezzling the funds of the Bank of Carson. He was cashier of that bank. H. R. Holloway, foreman of the grand jury returning the indictment, was the president of the bank. While the grand jury was hearing the testimony, upon the consideration of the case, Mr. Holloway, foreman, was excused from deliberating and taking a part in the finding of the indictment. This is assigned as an error.

It appears that the grand jury was properly impaneled, which includes the appointment of a foreman, the administration of the oath to him, and the administration of the same oath to all the other jurors. The grand jury consisted of twenty members, and it will be seen that nineteen remained on the panel after the foreman was excused. Section 1417 of the Code of 1906 states that it is only necessary for twelve of the grand jurors to concur in the finding of an indictment. All the formalities in the returning of the indictment required by section 1418 of the Code of 1906, including the proper indorsement by the foreman, appear to have been complied with in this case. We do not see anything improper in Mr. Holloway's being excused from taking part in the consideration of the case. On the other hand, as he was president of the bank, the funds of which it was charged the cashier had embezzled, it seems to us that his action is to be commended, and not to be urged as an objection to the indictment. In the case of *Friar* v. *State,* 3 How. 422, it was decided that where the indictment is indorsed "A true bill," and returned by the authority of the whole grand jury, it is sufficient, without the special appointment of a foreman. In *Peter* v. *State,* 3 How. 433, the court decided that a special appointment of a foreman is not necessary, when the record shows that the indictment was found and returned by the whole panel. In delivering the opinion in the case, Trotter J., said: "It is objected that there was no foreman of the grand jury.

To this we answer that the record shows that the indict-ment was found and returned into court by the whole panel of the jury, and this is sufficient.''

We do not find any law that required the actual pre-sence of the foreman of the grand jury in the room at all times during the deliberations of the jury. We can see that cases can arise where it would be highly im-proper for the foreman to act with the grand jury in hearing testimony and deciding as to whether an indict-ment should be found. In other instances he might be unavoidably absent. It should not be held, however, that when a sufficient number of the grand jury have decided to return an indictment the absence of the foreman will render the indictment invalid. His duties are those of a presiding officer, and when he is absent such duties may be performed by another.

Another assignment of error is that during the delib-erations of the grand jury in the case the county prose-cuting attorney was present in the grand jury room. By section 5 of chapter 253 in the Laws of 1912, a county prosecuting attorney is required to assist the district at-torney in all criminal cases in the circuit court, and it is stated, in the section that ''it shall be the duty of the county prosecuting attorney to represent the state in all matters coming before the grand jury of his county.'' It will be noted that he is not only commanded to assist the district attorney in criminal cases in the circuit court, but that it is made his duty to represent the state before the grand jury. Therefore, in this case, he was properly be-fore the jury. It is not shown that he did anything to im-properly influence the jury. He was there only to ad-vise them as to the law. It is certainly the duty of the district attorney to render assistance to the grand jury whenever his services as an attorney representing the state will be helpful. As prosecuting attorney, he should be ready and willing at all times to aid the grand jury in their deliberations, and should go before them for that

purpose, and a grand jury, desiring to fully investigate the offense under consideration and to make a correct presentment, will desire the presence of the district attorney and his advice and general help. Of course, he should not be in the room at the time the jury is deciding the case by their vote. The county attorney, in this case, was present at the request and invitation of both the grand jury and the district attorney. This is in accordance with the law, and is not objectionable.

It is also assigned as error in this case that the present indictment was found by the grand jury without having any evidence upon which it could be legally found. We note, however, that in testifying the prosecuting attorney states that witnesses were examined and testimony taken.

The objection to their indictment in this case was by what was called in the record a plea in abatement, which is duly sworn to, and to which a demurrer was filed. We note, however, that in the paper called a plea the defendant moved the court to quash, and that the record appears to treat the porceedings as though on a motion to quash the indictment. As the objections to the indictment in this case are dehors the face thereof, under section 1427 of the Code of 1906, it was correct to present the same by a motion to quash.

The trial court erred in quashing the indictment.

*Reversed and remanded.*