MAY BELLE RICHARDSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed August 8, 1916.

1. The plaintiff in error should file in the appellate court his assignment of errors within three days after the filing of the copy of the record, in compliance with the provisions of Sections 1706 and 4044 of the General Statutes of 1906. If for any reason the assignment cannot be filed within the time specified, the plaintiff in error should apply to the appellate court for further time.

2. When a grand jury conceives that the foreman whom they had selected was disqualified from signing an indictment to be returned by such jury, the better procedure is for the grand jury to come into court and report the apparent disqualification and obtain a ruling of the court thereon and an order to select another one of its members to act as foreman. The fact that this course was not pursued, but that the grand jury came into court and announced the disqualification of their foreman and that they had selected another one of their members as foreman constitutes at most a mere irregularity which is not sufficient to vitiate an indictment subsequently returned by such jury which is signed as foreman by the member last selected.

3. Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity; but any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and all fair intendments should be made to sustain them. If the intention of the jury is clearly manifested in the language used mere inaccuracies of expression will not vitiate the verdict.

4. The safer and better practice in preparing a verdict in a criminal case is to use the word "defendant" therein and also to state the name of the defendant, yet, if the intention of the jury is clearly manifested in the language used, the verdict will be upheld.

5. Where no errors of law or procedure are made to appear to the appellate court upon a writ of error and, upon examination, such court finds that the evidence is sufficient to support the verdict, the judgment will be affirmed.

Writ of Error to Circuit Court, Broward County, H. P. Branning, Judge.

Judgment affirmed.

*C. E. Farrington,* for Plaintiff in Error.

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—May Belle Richardson was indicted for the crime of murder in the first degree and convicted of manslaughter, and seeks relief here by writ of error. We find that the return day of such writ was the 25th day of May, 1916, and that the transcript of the record was filed in this court on such return day, but the plaintiff in error did not file her assignment of errors in this court within three days after the filing of the copy of the record. Section 4044 of the General Statutes of 1906 reads as follows: "The provisions of law regulating the practice relative to bills of exception and assignments of error in civil cases shall obtain also in criminal cases."

Section 1706 of the General Statutes of 1906 reads as follows: "The plaintiff in error shall file in the appellate court his assignment of errors within three days after the filing of the copy of the record. If this be omitted, except for good cause shown, the writ of error shall, on motion of the defendant in error, be dismissed, unless the court shall allow further time."

An examination of the transcript of the record discloses that the only assignment of error appearing therein is the following, which it is stated was filed with the Circuit Judge together with the bill of exceptions:

"The defendant now comes and assigns as error the following rulings and decisions of the court:

"1.    The court erred in denying and overruling the defendant's motion for a new trial, on each and every ground therein assigned."

Notwithstanding the failure of the plaintiff in error to comply with the statutory provisions which we have copied above as to the filing of her assignment of errors in this court, she has proceeded to argue in her brief nineteen assignments.    After the Attorney General had filed his brief on behalf of the State, in which he stated that the only assignment before this court for consideration was the one which we have copied above, based upon the overruling of the motion for a new trial, the plaintiff in error filed her reply brief and at the same time sent up her assignment of errors, which was filed on the 3rd day of August, 1916, without the order of the court allowing further time.    We call attention to the advisability of a plaintiff in error complying with the statutory requirements in regard to filing the assignment of errors and, if for any reason the same is not filed within the time specified, an application should be made to this court for further time.    We think that it is advisable to throw out these suggestions, but, as it is a criminal case and the plaintiff has been sentenced to confinement in the State Prison at hard labor for a term of ten years, we shall proceed to discuss such of the assignments argued before us as, we think, merit treatment.

The first assignment is that "The court erred in sustaining the demurrer interposed by the State to the de-

fendant's plea in abatement." Such plea in abatement reads as follows:

"Now comes the defendant May Belle Richardson, in her own proper person, attended by her counsel, C. E. Farrington, and for plea to the indictment herein returned against this defendant, says:

"1.  That the grand jury heretofore empanelled and sworn at this term of court, did in accordance with law and the instructions of the court retire to their jury room and appoint a foreman, to-wit:  E. T. King; that the said Grand Jury returned into court, and reported to the court that they had appointed the said E. T. King as Foreman of said Grand Jury for this Special Fall Term of Court.  That on the 15th day of December, A. D. 1915, with E. T. King as Foreman thereof, did retire to their grand jury room, and proceed with the investigation of criminal matters brought before them, and returned into court with indictment against one James Reid.  That thereafter, to-wit: on this 16th day of December, A. D. 1915, the Grand Jury having under investigation the charge of The State of Florida against this defendant for murder, did return into open court and announce to the court that the said E. T. King, Foreman, legally appointed as aforesaid, was disqualified as a Grand Juror by reason of being a member of the coronor's jury that had the instant case under investigation.  That thereupon the State Attorney of this court informed the court in open court that the said Grand Jury had appointed and elected another foreman, to-wit:  A. E. Thomas; and that the Grand Jury would proceed in the investigation of matters before it, with the newly elected juror as foreman of said Grand Jury.  That the said Grand Jury did then and there retire from court and returning again into open court did return an indictment

against this defendant for murder in the first degree, said indictment being endorsed: Found Special Fall Term, A. D. 1915, *A True Bill,* E. A. Thomas, Foreman. That this affiant is informed and believes that the said King, foreman of said Grand Jury, as aforesaid, was not present in the Grand Jury room during the finding of the said indictment against this defendant. That it appears of record that the said King, the legally and duly qualified foreman of said Grand Jury, did not sign or endorse the true bill so found against this defendant. That the provisions of the laws of the State of Florida do not provide for the appointment of two foremen of Grand Jury while a Grand Jury is in session; and that the said King is the only member of said Grand Jury who is qualified at this Fall Term of Court to sign an indictment against this defendant; and that the said indictment on its face, and from the record, is void and of no effect.

"Wherefore your affiant prays that she be not further called upon to plead to the indictment so returned, and will ever pray."

The State interposed a demurrer to this plea and stated the substantial matter of law intended to be argued in support thereof as follows: "That the said Grand Jury is regularly organized and empanelled; and that the foreman thereof signing the said indictment is qualified under the law to sign and endorse the said indictment."

We find from the transcript that the minutes of the court show the following concerning this action of the Grand Jury as to which complaint is made:

"Whereupon the Grand Jury came into court and announced that their foreman, E. T. King, was disqualified from returning an indictment in the case of The State of Florida v. Maybelle Richardson, and that they had elected as foreman *pro tem.* E. A. Thomas; and the Grand

Richardson v. State—Opinion of Court

Jury again retired for consideration of such matters as would come before them."

While it doubtless would have been the better procedure for the Grand Jury to have come into court and reported the apparent disqualification of the foreman whom they had selected as to signing the indictment to be returned against this plaintiff in error and obtained a ruling of the court thereon and, if necessary in the opinion of the court, an order to select another one of its members to act as foreman, we are of the opinion that the fact that this course was not pursued constitutes at most a mere irregularity which is not sufficient to vitiate the indictment. We content ourselves with referring to the discussion in Ferrell v. State, 45 Fla. 26, 34 South. Rep. 220, and the authorities there cited, and State v. Coulter, 104 Miss. 764, 61 South. Rep. 706, 44 L. R. A. (N. S.) 1142, and 12 R. C. L. 1018. This assignment has not been sustained.

The plaintiff in error also filed a motion in arrest of judgment which raises the same points concerning the indictment as the plea in abatement, and error is assigned upon the denial of such motion. For the reasons already stated this assignment must likewise fail.

It is further contended that "The court erred in having recorded the verdict of Reed A. Bryan, Foreman," which verdict reads as follows: "We the jury find the defendant guilty of manslaughter. So say we all. Reed A. Bryan, Foreman." It undoubtedly would have been the better practice for the Circuit Judge to have directed the jury to correct the verdict by putting the same in proper form, yet, as we have frequently held:

"Verdicts in criminal cases should be certain and import a definite meaning free from ambiguity; but any words that convey beyond a reasonable doubt the mean-

ing and intention of the jury are sufficient, and all fair intendments should be made to sustain them.    If the intention of the jury is clearly manifested in the language used, mere inaccuracies of expression will not vitiate the verdict.

"The safer and better practice in preparing a verdict in a criminal case is to use the word 'defendant' therein and also to state the name of the defendant, yet, if the intention of the jury is clearly manifested in the language used, the verdict will be upheld."    See Niblack v. State, 70 Fla. 227, 70 South. Rep. 415, and O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940, and prior decisions of this court there cited.    The transcript discloses that the jury returned into court, "the jury was called, all present," and rendered the verdict. .

Certain assignments are also based upon the admission of testimony over the objections of the plaintiff in error, all of which we have examined and are of the opinion that they are without merit, therefore we do not discuss them.

Other assignments are also predicated upon designated portions of the general charge of the court and the refusal of instructions requested by the plaintiff in error, which we have examined and no reversible error has been made to appear to us.

The insufficiency of the evidence to support the verdict is also urged before us.    After a careful examination of the same we are of the opinion that it is amply sufficient, therefore we must refuse to disturb the verdict.

It follows that the judgment must be affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.