MOOREMAN *v.* STATE.

[95 South. 638.   No. 23110.]

CRIMINAL LAW. *Exclusion of question not reviewed, unless expected answer shown.*

The supreme court on appeal cannot review the exclusion by the court below of the testimony of a witness, where, while the record discloses the question sought to be propounded to the witness, it does not disclose what his answers thereto would have been, so that the courts may determine whether appellant was prejudicied by the exclusion thereof.

Appeal from the circuit court of Pontotoc county.
Hon. C. P. Long, Judge.

Dan Mooreman was convicted of manslaughter, and he appeals. Affirmed.

*George T. Mitchell, for appellant.*

*J. H. Sumrall,* assistant attorney-general, for the state.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of manslaughter on conflicting testimony. In the cross-examination of the state witnesses, Kirk Austin and Dolphus Clower, appear the following questions and answers:

"Q. Kirk, you and Dolphus, that day this trouble happened, had had several drinks, hadn't you? A. No, sir.

"Q. You-all didn't take some drinks with Waco Thompson and Gilbert Bagwell and Barley Staton? A. Did not.

"Q. You hadn't had a drink that day? A. No, sir.

"Q. Didn't you drink some that morning before you left with Mr. Leonard Stone A. I made like I was drinking some, but I didn't.

"Q. Mr. Leonard Stone drank some of your whisky that morning? A. None of my whisky.

"Q. You just made like you were drinking and he drank some, didn't he? A. Yes, sir."

The appellant introduced Bagwell as a witness, and in the report of his testimony appears the following:

"Q. Just state to the jury there whether or not you saw Dolphus and Kirk that day on Sunday before this happened. (The state here objects to a contradiction on an immaterial point.)

"The Court: If he took a drink or didn't take it wouldn't have anything to do with this case.

"Mr. Adams: I asked then if they were not drunk that day, and they said they were not.

"The Court: That wouldn't cut any figure anyway. (Excepted to by the defendant)."

Counsel for the appellant then offered to introduce Thompson and Staton to prove the same thing by them. On objection by the state they were not permitted to testify. To which ruling of the court an exception was reserved.

Assuming for the sake of the argument that it was competent for the appellant to show that the state witnesses were drunk at the time of the homicide, as to which we express no opinion, it does not appear from the record that the witnesses offered by him would have so testified; consequently this court cannot say that the appellant was prejudicied by the exclusion of their testimony. *Railroad* v. *Scarlet,* 115 Miss. 285, 76 So. 265; *Railroad* v. *Robinson,* 106 Miss. 896, 64 So. 838. Moreover judging from the questions propounded to Austin and Clower the testimony of Bagwell, Thompson, and Staton would have been not that Austin and Clower were drunk, but simply that they had taken several drinks on the day in question.

*Affirmed.*