## TEMPLE *v.* STATE.

(Division A. Feb. 6, 1933. Suggestion of Error Overruled Mar. 6, 1933.)

[145 So. 749. No. 30245.]

**E. L. Dent**, of Collins, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

Argued orally by **E. L. Dent**, for appellant, and by **W. D. Conn, Jr.**, for the state.

**McGowen, J.,** delivered the opinion of the court.

On an indictment for murder, W. L. Temple, the appellant, sixteen years of age, was convicted of manslaughter in the killing of Odell Flynt. It is unnecessary to give a detailed statement of the facts. The state's evidence tended to show that a few minutes before the killing, Flynt had committed an assault and battery on the appellant, Temple, pursued him, and knocked him in a ditch, as a result of which the appellant was bruised on the head and bleeding. The difficulty happened at nighttime, and later, after it was over, Flynt, the deceased, was seen standing in front of the lights of his car, in a stooped position, looking at his hand, which he had injured in striking the appellant on the head. Many of the witnesses for the state testified that the appellant stepped into the light and stabbed Flynt in the back with his pocket knife at a time when the deceased did not see him and was not making any threat, demonstration, or overt act towards him. The wound inflicted was a stab on the left side of his back, puncturing the pleural cavity, from which wound Flynt died.

The evidence for the appellant tended to show, perhaps, self-defense, an overt act on the part of Flynt, the deceased, toward him at the time he struck the fatal blow, and that he was rendered unconscious and incapable of committing the crime because of the beating he had received a few minutes before. These theories of the evidence were embraced in the instructions for the defendant on the trial of the case.

■ It is insisted by the appellant that the court erred in not sustaining his motion to quash the indictment. This motion was based on an affidavit of the appellant that the indictment was not concurred in by twelve legal, uninterested, qualified grand jurors, and that the district attorney appeared, and was present during the deliberation of the grand jury and at the time they voted on the

indictment when he was not required so to do by the grand jury. Appellant made no effort to present any evidence in support of his motion and affidavit and the state offered none, whereupon the court overruled it, and cites Beason v. State, 34 Miss. 602, Barney v. State, 12 Smedes & M. 68, and other authorities to the effect that it is necessary that twelve members of the grand jury concur in the finding of an indictment. Generally, the return of an indictment into court raises the presumption that all the necessary legal requisites have been complied with. 31 C. J. 585, section 49. Section 1197, Code 1930, is a rescript of the common law, and requires that at least twelve of the jurors concur in the finding of an indictment. Section 1198, Code 1930, requires that ''all indictments must be presented to the court by the foreman of the grand jury, with his name indorsed thereon, in the presence of at least twelve of such jury, including the foreman, and must be marked 'filed,' and such entry be dated and signed by the clerk; and an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the indorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment.'' In the case at bar, the foreman of the grand jury and the clerk of the court performed their duty as required by this statute and as shown by the indictment.

The indictment in question was marked ''filed'' and it was upon the movant to show contrary to the record in the case, if indeed there was any kind of evidence he could have offered in contradiction of the record. The presentment of the indictment in court in the presence of the other grand jurors implies a concurrence of the requisite number, and the statute is plain and unequivocal. The legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the

indictment is fully established by the signing thereof on the part of the foreman and the marking of it "filed" by the clerk of the court. If appellant had offered competent evidence to show that twelve grand jurors did not concur in finding the indictment and presenting the same, then the question would be presented to this court as to whether or not the statute by its terms, cut off all inquiry of this nature. The burden of proof was on the movant, and has been since 1857, when the statute quoted above in this behalf was first enacted. The affidavit, if it had been sufficient to raise the question argued here, is no proof of the facts therein alleged. The court correctly overruled the motion to quash. This applies with equal force to the allegation that the district attorney was in the grand jury room at the time this indictment was found. Appellant's affidavit did not, and could not, overturn the legal evidence in this respect.

■ It is not alleged in the affidavit that there was any improper conduct on the part of the district attorney by his presence in the grand jury room at a time the vote was taken. If appellant had established by proof his allegation, it is a mere irregularity for which the motion to quash will not be sustained in the absence of a showing of some improper influence such as would taint the indictment. See Le Barron v. State, 107 Miss. 663, 65 So. 648; State v. Coulter, 104 Miss. 764, 61 So. 706, 44 L. R. A. (N. S.) 1142, and section 4364, Miss. Code 1930.

■ It is insisted that the court erred in granting the state thirteen peremptory challenges of jurors when, under the statute, the state was entitled to only twelve. When this objection was made, there was a difference between counsel for the state and counsel for appellant. The court said that the clerk had no record at that time, and found that the objection was not maintained in fact. There now appears in the record a certificate of the clerk to the effect that in impaneling this jury thirteen jurors were challenged, naming them. We

are advised of no statute that authorizes the clerk to insert such a certificate in the record. It has no evidential value. The clerk is not required by any statute to make any minute of the peremptory challenges exercised by the parties engaged in the trial of the case for the guidance of the trial court in determining the number of peremptory challenges. It is the duty of the court to determine and control the challenges, and, on the disputed question of fact, we cannot say that the court was manifestly wrong in holding that thirteen challenges were not permitted to the state in this case. The exercise of challenges is under the immediate supervision of the judge of the court, and the duty devolves upon him to take note of the challenges. The trial court should observe its duty in this behalf; at any rate, in this case there is no complaint that the jury finally impaneled was not a fair and impartial one as provided by the constitution and the laws of this state.

■ Objection is made to the action of the court in declining to allow the witness to answer a question as to a dying declaration made by the deceased. It is a sufficient answer to this objection that we do not now know what the statement would have been, had the witness been permitted to answer the question. Counsel should have stated what he proposed to prove in the court below for information there, and for our information here. Mooreman v. State, 131 Miss. 662, 95 So. 638, and Reece v. State, 154 Miss. 862, 123 So. 892.

■ The appellant requested a peremptory instruction on the theory that he had shown that, at the time of the homicide, he was mentally incapacitated because he did not know right from wrong, due to the beating he had received at the hands of Flynt, the deceased, a short time before he was stabbed by the appellant. On this point appellant's testimony, in one place, was to the effect that he was "scared," and, at another place, he was "out of his head;" but he nowhere states that he was

rendered unconscious. And the acts of the appellant, as testified to by the witnesses for the state, tended to show that he said, immediately after the beating, in reply to the accusation of Flynt, the deceased, that he (the appellant) had let the air out of his tire, "If you say that I did that, it is a damn lie;" that he, without warning, stabbed the deceased in his back; that he disappeared out of the light; and these facts, in conjunction with the presumption of law that men are sane (Cunningham v. State, 56 Miss. 269, 21 Am. Rep. 360), are a sufficient statement that at least the evidence was in conflict, and that the appellant was not entitled to a peremptory instruction. The evidence, as a whole, did not warrant the hypothetical questions propounded to the physicians, and while the evidence of the physicians is in the record, it is entitled to little, if any, weight. Appellant was more than fourteen years of age.

■ The court granted the state an instruction defining murder and advising the jury if they believed, among other things, that the appellant killed the deceased with malice aforethought, it would be the duty of the jury to convict regardless of every other fact and circumstance in the case; and further instructed that if the jury believed, beyond a reasonable doubt, that the stabbing or cutting was done without malice and not in self-defense, and without authority of law, then a verdict of manslaughter might be rendered. The contention is that these two instructions omitted his defense of lack of capacity to commit crime, and are therefore fatally erroneous. The appellant was granted several instructions fully setting forth that if the jury had a reasonable doubt as to whether the defendant was normal and not able mentally to determine right from wrong at the time he struck Flynt, he was entitled to an acquittal. The instructions for the appellant on this theory are very full and complete, and if read in conjunction with the instructions complained of, granted to the state, there

is no conflict in them. If the jury believed that the defendant slew, with malice aforethought, they necessarily found that.

In the case of Williams v. State, 160 Miss. 485, 135 So. 210, this court announced the rule that will be adhered to as to omissions in the state's instructions supplemented in the defendant's instructions, and. that where instructions both for the state and for the defendant are read together, embodying the governing principles of law, there is no reversible error. If the instructions supplement and do not materially and prejudically conflict, they, taken as a whole, are not fatally erroneous; if considered all together, correct principles of law are embodied therein. Unless there is an irreconcilable conflict, there is no reversible error. Neither orally nor in writing can the judge speak all the law in one breath. Many cases are cited in the Williams case, supra, to sustain this position. We do not mean to approve the action of the court in granting instructions for the state in the case at bar, but simply to say that we will not reverse the case unless there appears to be an irreconcilable conflict. Counsel cites the case of Suttle v. State, 88 Miss. 177, 40 So. 552, wherein the case was reversed for the omission in the state's instruction of the defense propounded by the accused. It may be observed that in the Suttle case, the court made no mention of the instructions there granted to the appellant.

There is no merit in the other contentions as to granting or refusing instructions in this case, nor in overruling the appellant's motion for a new trial.

On the whole, we might add that the complaint of counsel as to the sentence inflicted by the court in the case at bar is not one for our interference. We find no reversible error herein.

Affirmed.