KITCHENS, JUSTICE,
CONCURRING:
¶17. I concur with Presiding Justice Dickinson’s decision to vacate Ashwell’s burglary and escape convictions due to the absence of charging documents in the record. The circuit court’s docket reveals no documents charging Ashwell with burglary, escape, or any other crime. By executing written waivers of indictment,[17] Ash-well consented to the State’s proceeding against him by information. Before proceeding, with Ashwell’s prosecution, the State was required to have filed' informa-tions with the circuit court. Without bills of information in the record, there .is nothing to show that Ashwell ever was formally charged with any crime. Therefore, the circuit court never obtained jurisdiction over him on either of the two charges. Further, the trial court’s acceptance of Ashwell’s guilty pleas without bills of information violated Ashwell’s federal and state constitutional rights to notice of the. essential elements of the crimes charged and of sufficiently specific facts to enable him to plead double jeopardy in the event of a future prosecution for the same or a similar offense.
' ¶ 18. This Court is faced with a record completely devoid of a charging document for either of the crimes to which Ashwell pled guilty. The circuit court' dockét reflects that, on December 14, 2006, the day of Ashwell’s guilty pleas, his written waivers of indictment and his consent to the State’s proceeding against him by bill of information were filed in each case. His petitions to enter guilty pleas also were *74 filed on that date. But the docket in each of the cases also reveals that informations never were filed. The fact that no charging documents were filed in the circuit court is highly problematic and leaves this Court with no choice but to vacate Ashwell’s convictions of burglary and escape.
¶ 19. The transcript of Ashwell’s plea hearing reflects that he pled guilty as one of twelve defendants, all of whom were represented, as was Ashwell, by Lawyer Robert E. Evans. The only common thread among this group of twelve seems to be their representation by Lawyer Evans. The trial court accepted the guilty pleas of these twelve defendants en masse in a one-size-fits-all proceeding, for a variety of unrelated offenses. At the beginning of the hearing, the judge asked the defendants whether they had been in the courtroom when he had accepted the guilty pleas of an earlier, unrelated group of defendants. Each person answered affirmatively. Then, the judge asked whether they had been paying attention, and each person answered “yes, sir.” The judge replied “All right. So I won’t need to go into quite the same detail with this group as I did with the other group, so that will make it a little easier on me.” The judge invited the defendants to inquire about any matters on which they needed further clarification. No one responded. Then, the judge went through an abbreviated iteration of the inquiries required by Uniform Rule of Circuit and County Court Practice 8.04 with regard to whether the guilty pleas were voluntarily and intelligently made, whether the defendants were competent and understood the nature and consequences of pleading guilty, the maximum and minimum penalties for the crime of which each was charged, and the rights that were being waived by their guilty pleas. See URCCC 8.04. The trial court also ascertained that the defendants understood the proceedings at a jury trial. Id. Notably, the judge omitted the required determination of a factual basis for the guilty pleas in several of the cases, including both of Ashwell’s. Id.
¶20. As Justice Chamberlin astutely recognizes, the record reflects that no factual basis was stated for Ashwell’s guilty pleas. A factual basis for a guilty plea is required because, before a trial court may accept a guilty plea, “the circuit court [must] have before it, inter alia, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea.” Burrough v. State, 9 So.3d 368, 373 (Miss. 2009). But beyond the absence of a factual basis in the record, without indictments or informations on record, Ashwell cannot plead double jeopardy in the event of a future prosecution for either or both of the same named offenses.
¶ 21. Under the federal and state constitutions, a defendant has due process rights to notice of criminal charges. U.S. Const, amend. VI; Miss. Const, art. 3, § 26. We have held that, to fulfill these rights, “[a]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.” Gilmer v. State, 955 So.2d 829, 836-37 (Miss. 2007). A claim that an indictment was substantively insufficient may be raised at any time. Ross v. State, 954 So.2d 968, 1015 (Miss. 2007).
¶ 22. The waiver of indictment for burglary describes Ashwell’s offense as “burglary of an inhabited dwelling” under Mississippi Code Section 97-17-23.[18] The *75 elements of dwelling burglary include “(1) unlawful breaking and entering, and (2) intent to commit a crime therein.” Jackson v. State, 90 So.3d 597, 604 (Miss. 2012); Miss. Code Ann. § 97-17-23 (Rev. 2014). Because no charging document was filed, we are unable to discern the date of Ashwell’s crime, the victim’s name, the particular residence he was pleading guilty to burglarizing, whether the entry was forcible, or the underlying crime that the State sought to prove he intended to commit therein. With neither a true bill of indictment nor a bill of information, it is impossible to discern the essential facts or the essential elements of the crime charged. Thus, Ashwell lacked any notice of the essential elements and essential facts of the crime to which he pled guilty. All that can be discerned from the record is that Ashwell pled guilty to some burglary. Similarly, Ashwell pled guilty to some escape with no notice of the essential elements or essential facts of the crime.
¶ 23. Ashwell would be unable to plead double jeopardy in the event of a future prosecution for the same or similar offenses. A criminal defendant has a federal and state constitutional right against being twice placed in jeopardy for the same offense. U.S. Const, amend. V, XIV; Miss. Const, art. 3, § 22. When determining whether the State seeks to subject an individual to multiple punishments for the same crime, this Court applies the test from Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), which provides that: “if each [criminal] statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prose-eution and punishment under the other.” Thus, for double-jeopardy purposes, an indictment must include the essential elements of the crime charged. An indictment also must include the essential facts of the crime charged to enable a reviewing court to distinguish the facts of the charged crime from other crimes. See Goforth v. State, 70 So.3d 174, 189 (Miss. 2011) (holding that multiple, identically worded counts in an indictment were factually insufficient and did not protect against double jeopardy). Because no bill of information was filed in either of Ashwell’s cases, in the event of a future charge of burglary of a dwelling or escape, no court will be able to discern whether he already has been convicted for the identical offense.
¶ 24. For its first eighty-eight years, the Mississippi Constitution of 1890 required grand jury indictments in all felony prosecutions. Miss. Const, art. 3, § 27 (1890). An indictment was an indispensable constitutional prerequisite to the State’s ability to prosecute felony offenses. Then, a 1978 constitutional amendment provided the State an alternative means of placing a felony charge before a court of competent jurisdiction through securing a represented defendant’s sworn, written waiver of indictment and consent to the State’s proceeding by information. 1997 Miss. Laws ch. 590. Now, Article 3, Section 27 provides;
No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office or where a defendant represented by counsel by *76 sworn statement waives indictment; but •the legislature, in cases not punishable by .death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justice court judges, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law.
Miss. Const, art. 3 § 27. The crime of burglary, a felony, is an indictable offense. And Ashwell pled guilty to felony escape, also an indictable offense. Article 3, Section 27, begins by prohibiting the State’s prosecution of such charges by information; but, under the added language of the 1978 amendment, it allows the prosecution of an indictable offense upon an information when there has been a sworn waiver of indictment by a defendant who is represented .by counsel'. Thus, the constitution contemplates two required documents: a sworn waiver of indictment and a bill of information. Without an indictment or. a bill of information, Ashwell never, was charged in circuit court with either crime as authorized by the constitution.
¶ 25. The State argues that, even though criminal informations never were filed in these pases, this Court should deduce from other, evidence that informations in fact existed. This was the approach taken by the circuit court, which limited its review to the burglary conviction, at the post-conviction relief hearing, finding “that a bill of information existed at the time Ash-well entered his guilty plea” even though “the bill of information inexplicably did not get placed in the court file and is not to be found.” The circuit court relied 'on the facts to which Ashwell had sworn in 'his pre-printed petition-to enter a guilty plea that he "fully understood] all matters set forth in the indictment or information and waiver of indictment,” and swore during' the plea colloquy that the facts and charges stated in the information were true, Also, Ashwell’s attorney submitted signed, pre-printed certificates of counsel, attached to the plea petitions, that stated he had “read and fully explained to Defendant the allegations contained in the indictment or information and waiver of indictment in this case.” Further, an assistant district attorney, Douglas E. Miller, submitted an affidavit stating he had been the State’s representative in Ashwell’s cases, and that “the normal procedure for a plea by Bill of Information would have occurred in this case.”
¶ 26. A major problem with the circuit court’s reasoning is that, for a circuit court to obtain jurisdiction over a criminal defendant, the indictment “must be presented to the clerk of the circuit court [and] must be marked ‘filed,’ and such entry be dated and- signed by the clerk.” Miss. Code Ann. § 99-7-9 (Rev. 2015); Wilson v. State, 904 So.2d 987, 996 (Miss. 2004). We have held that the “legal evidence of the concurrence of twelve or more of the grand jurors in finding and presenting the indictment is fully established by the signing thereof on the part of the foreman and the marking of it ‘filed’ by the clerk of the court.” McCormick v. State, 377 So.2d 1070, 1074 (Miss.1979) (quoting Temple v. State, 165 Miss. 798, 805-06, 145 So. 749, 751 (1933)). Because a bill of information provides an alternative to the original constitutional means of charging one with a felony, it follows that a bill of information likewise must be filed in the circuit court- for that court to obtain jurisdiction. Each of these charging mechanisms—the first, an indictment, being non-consensual on the part of the defendant and the second, an information, being consensual on the part of the defendant—is a constitutional means of getting the State into the same legal position: that of having a validly charged defendant before a court *77 of competent jurisdiction. Both of these means require a charging document—either an indictment or an information— timely filed and docketed by the court’s clerk.
¶ 27, Another problem with the omission of a bill of information is that our state constitution mandates that “all prosecutions shall be carried on in the name and by the authority of the ‘State of Mississippi.’” Miss. Const, art. 6 § 169. The charging document in a criminal case establishes that the prosecution is brought in the name of the State, an indispensable prerequisite that is conspicuously absent in this case. No evidence is present in the trial record to show that the prosecution of Ashwell was brought in the name of the State. During the plea colloquy, the assistant district attorney made no proffer of the factual bases for Ashwell’s guilty pleas. In fact, it is not evident from the transcript of the plea colloquy that the State participated in Ashwell’s prosecution at all. No remarks regarding Ashwell’s cases were attributed to a state prosecutor, and neither the trial court nor the defense attorney mentioned the State or its representative in connection with Ashwell.[19]
¶28, Ins sum, the trial court-accepted Ashwell’s guilty pleas along with those of eleven other defendants in an impersonal group exercise. Although Ashwell’s written waivers of indictment did meet constitutional requirements, neither was followed by the essential bill of information as required by the constitution. And the absence qf charging documents is reversible error because Ashwell could not plead double jeopardy in the event of future prosecution for the same or similar offenses. Moreover, Ashwell lacked notice because the essential facts and the essential elements of the charges were missing, and the record contains no factual basis for Ashwell’s guilty pleas. In the absence of charging documents, Ashwell’s state and federal due process rights were violated, and the circuit court lacked jurisdiction to accept Ashwell’s guilty- pleas. Therefore, Presiding Justice Dickinson correctly vacates Ashwell’s convictions of burglary and escape.
KING AND COLEMAN, JJ., JOIN THIS OPINION. MAXWELL, BEAM AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART. -

, The two waivers were assigned separate circuit court cause numbers,

. Section 97-17-23 does not include an element requiring the dwelling to have been *75 inhabited at the time of the breaking and entering. Miss. Code Ann. § 97-17-23 (Rev. 2014). But if Ashwell had been charged formally with "burglary of an inhabited dwelling,” the State would have been required to prove that a human being was inside the dwelling at the time of the breaking and entering.

. Assistant District Attorney Miller did provide a factual basis for another of the twelve defendants charged with a crime at the plea hearing.